**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles A. RAWLINGS,
Defendant-Appellant.**

**No. 86-8475.**

United States Court of Appeals,
Eleventh Circuit.

July 20, 1987.

Rehearing and Rehearing En Banc
Denied Sept. 3, 1987.

Thomas J. Waldrop, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Charles E. Brown, Julie Carnes, Asst. U.S. Attys., Atlanta, Ga., for plaintiff-appellee.

---

Before FAY and KRAVITCH, Circuit Judges, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

The issue in this appeal is whether the enhanced penalty provision of 18 U.S.C. § 924(c) (Supp. III 1985)[1] applies to two separate offenses charged in the same indictment. A grand jury indicted appellant Charles Rawlings for robbing the National Bank of Georgia on February 12, 1986 and the Citizens and Southern National Bank on March 4, 1986 (Counts one and three in violation of 18 U.S.C. § 2113(d) (1982)); for using a firearm during the two robberies (Counts two and four in violation of 18 U.S.C. § 942(c)); and for receiving a firearm that had traveled in interstate commerce after Rawlings had been convicted of a crime punishable by more than a year in prison (Count five in violation of 18 U.S.C. § 922(h) (1982)). At appellant's jury trial, the district court granted appellant's motion to sever count five from the remaining counts of the indictment.[2] The district court acted as trier of fact on that count.

After a jury convicted appellant of the first four counts, and the court found appellant guilty of count five, the district court sentenced appellant in the following manner:

Count One—20 years (February 1986 bank robbery)
Count Two—5 years, consecutive to Count One (February 1986 § 924(c) charge)
Count Three—20 years, concurrent to Count One (March 1986 bank robbery)
Count Four—5 years, concurrent to Count Two, consecutive to Count Three (March 1986 § 924(c) charge)
Count Five—probation (receipt of a firearm by a convicted felon).

In addition, the district court ordered restitution to the banks in the amount of $2,333.00.

Thereafter, the government filed a sentencing memorandum in which it argued that the court should not have sentenced appellant to two concurrent sentences for violations of 18 U.S.C. § 924(c) and that the court should have applied the enhanced penalty provision of § 924(c). Section 924(c) provides that anyone using or carrying a gun during a crime of violence shall be subject to imprisonment for five years, and such prison time shall not run concurrently with any other term of imprisonment including that imposed for the original crime of violence. In the case of a person's "second or subsequent conviction of this subsection, such person shall be sentenced to imprisonment for ten years." 18 U.S.C. § 924(c).[3]

1. Since this appeal was taken, § 924(c) has been amended. The current version provides a five year penalty for use of a gun during a crime of violence or a drug trafficking crime and a ten year penalty if the firearm is a machinegun or is equipped with a silencer or muffler. "In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for ten years, and if the firearm is a machinegun, or is equipped with a firearm silencer or firearm muffler, to imprisonment for twenty years." 18 U.S.C.A. § 924(c)(1) (West Supp.1987).

Since the enhanced penalty provision as it relates to Rawlings has not changed, all references to § 924(c) in this opinion will be to 18 U.S.C. § 924(c) (Supp. III 1985), the version considered by the district court.

2. The district court granted appellant's motion to sever count five because of the unfair prejudice which would have resulted from the introduction of evidence relating to appellant's prior felony conviction for armed robbery.

3. In its entirety, § 924(c) provides the following:

Whoever, during and in relation to any crime of violence, including a crime of violence which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device, for which he may be prosecuted in the court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence be sentenced to imprisonment for five years. In the case of his second or subsequent conviction of this subsection, such person shall be sentenced to imprisonment for ten years. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under the subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence in which the firearm was used or carried. No person sentenced under this subsection shall be eligi-

In response to the government's sentencing memorandum the district court realigned appellant's sentence in the following manner:

Count One—five years (February 1986 bank robbery)

Count Two—five years, consecutive to Count One (February 1986 § 924(c) charge)

Count Three—five years, consecutive to Count Two (March 1986 bank robbery)

Count Four—ten years, consecutive to Count Three (March 1986 § 924(c) charge)

Count Five—probation (receipt of a firearm by a convicted felon).[4]

Appellant then appealed the application of the enhanced penalty provision of § 924(c).

The version of § 924(c) at issue here is the third amendment[5] of this section. We can find no case law interpreting the "second or subsequent conviction" language found in each of the versions of § 924(c), so we must rely on our reading of the statute. Of course, the starting point for interpreting this statute is the language of the statute itself. This language is conclusive, absent a clearly expressed legislative intent to the contrary. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766, 772 (1980); *Birmingham Trust National Bank v. Case*, 755 F.2d 1474, 1477 (11th Cir.1985). We do not need to review the legislative history of this statute unless we find the plain meaning of the terms is not readily apparent. *National Wildlife Federation v. Marsh*, 721 F.2d 767, 774 (11th Cir.1983). When examining this statute, we must assume that Congress used the words of the statute as they are commonly and ordinarily understood. *United States v. Yeatts*, 639 F.2d 1186, 1189 (5th Cir. Unit B), *cert. denied*, 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 976 (1981); *United States v. Porter*, 591 F.2d 1048, 1053 (5th Cir.1979). Furthermore, this court should try to construe the statute so each of its provisions is given its full effect; any interpretation which renders parts or words in a statute inoperative or superfluous is to be avoided. *Weinberger v. Hynson, Westcott and Dunning, Inc.*, 412 U.S. 609, 633, 93 S.Ct. 2469, 2485, 37 L.Ed.2d 207, 225 (1973).

With these rules of statutory construction in mind, we now turn to the language of § 924(c). This section provides an enhanced ten-year prison sentence for a defendant for his "second or subsequent conviction" of using a firearm during a crime of violence. Congress presented two alternatives for triggering the enhancement provision: second or subsequent conviction. We assume that distinction serves some purpose. Subsequent, as defined by Webster's Dictionary, means "following in time, order, or place." The definition of "second," however, does not have such limitations. In the context of the statute, it only means one more after the first, or another or additional conviction. Based on this broad "second or subsequent conviction" language, we find that appellant's second conviction under § 924(c), even though in the same indictment as his first conviction, legitimately triggers the enhancement provision.

The intent of Congress when passing § 924(c) supports this reading of the statute. During the congressional debates over the section,[6] Representative Poff, one

ble for parole during the term of imprisonment imposed herein.

**4.** Although the district court realigned the amount of time imposed on each count, the 25 year total sentence was the same amount of time ordered by the court in the first sentencing.

**5.** The two earlier versions of § 924(c) are found in 18 U.S.C. § 924(c) (1982) and 18 U.S.C. § 924(c) (Supp. III 1984). These versions also use the "second or subsequent conviction" language, but the term of imprisonment varies

from not less than two nor more than twenty-five years in the 1982 version to ten years in the 1984 amendment. The 1985 amendment continued the ten-year enhanced penalty.

**6.** Section 924(c) was an amendment to the Gun Control Act of 1968, 18 U.S.C.A. § 1201 et seq. (West Supp.1970). Congress added § 924(c) on October 22, 1968 by Pub.L. 90–618, Title I, § 102, 82 Stat. 1223. The Gun Control Act of 1968, part of the Omnibus Crime Control and Safe Streets Act, Pub.L. 90–351, 82 Stat. 197, was in part a reaction to the assassinations of Presi-

of the sponsors of the bill, stated that the purpose of the sentencing provisions of § 924(c) was:

To persuade the man who is tempted to commit a federal felony to leave his gun at home. Any such person should understand that if he uses his gun and is caught and convicted, he is going to jail. He should further understand that if he does so a second time, he is going to jail for a longer time. 114 Cong.Rec. 22231 (1968).

Representative Rogers reiterated this view:

[A]ny person who commits a crime and uses a gun will know that he cannot get out of serving a penalty in jail. And if he does it a second time, there will be a stronger penalty. 114 Cong.Rec. 22237 (1968).

Congress, as evidenced by the statements of Poff and Rogers, intended to discourage any offender from using a firearm during a crime of violence, and if the offender used a weapon the second time, he could expect an enhanced penalty. *See United States v. Eagle,* 539 F.2d 1166 (8th Cir.1976), *cert. denied,* 429 U.S. 1110, 97 S.Ct. 1146, 51 L.Ed.2d 563 (1977) ("§ 924(c)'s purpose is to prevent the carrying and use of firearms in the commission of federal felonies"). Appellant, however, reads the statute to require an offender be convicted and sentenced under two separate indictments before the enhanced penalty provision could apply. The language of the statute and Congress' desire to deter and punish firearm use does not support appellant's understanding of § 924(c).

Congress, if it wished to do so, could have limited the statute in the manner suggested by appellant. For instance, in a 1970 habitual offender statute, 18 U.S.C. § 3575, Congress provided that a defendant is a special dangerous offender subject to an enhanced punishment for commission of a federal felony if he has previously been convicted of two or more offenses committed on occasions different from one another and from the charged federal felony, has been imprisoned for one or more of these convictions prior to the commission of the instant felony, and less than five years have elapsed between commission of the present felony and his release from imprisonment for the prior conviction. Congress was not so specific when drafting this statute. We must interpret the statute as it is written, not how appellant wishes Congress had drafted it. We find the "second or subsequent conviction" language of § 924(c) unambiguous, and the statute does not include the limitations appellant urges.

Any other reading of the statute could lead to incongruous results. "The interpretation [of the statute] should be reasonable and where the result of one interpretation is unreasonable, while the result of another interpretation is logical, the latter should prevail." *Sierra Club v. Train,* 557 F.2d 485, 490 (5th Cir.1977) *citing* C. Sands, Sutherland's Statutory Construction, § 45.-12 (4th ed. 1973). According to the appellant, the enhanced penalty provision of 18 U.S.C. § 924(c) applies only to a defendant who had earlier been charged, convicted and sentenced under a different indictment for violation of § 924(c). If the government, to insure judicial economy, charges two separate § 924(c) offenses in the same indictment, then the defendant could not receive the mandatory ten-year sentence of § 924(c) under appellant's interpretation of the statute. To avoid such a result, a prosecutor could simply bring the two offenses in two separate indictments, thereby insuring that one of the convictions would occur later in time than the other. Such manipulation of the court system would add to the court's caseload and serve no useful purpose. We do not think Congress intended the enhanced penalty for a repeat offender of § 924(c) to hinge on the machinations of the prosecutor.

Furthermore, appellant's interpretation of the statute could defeat Congress's intent to punish severely those who use firearms during crimes of violence. For instance, an individual could commit a number of robberies with a gun over several years, but when the individual is finally

dent John F. Kennedy, Senator Robert Kennedy, Dr. Martin Luther King, Jr. and Medgar Evers. *United States v. Melville,* 309 F.Supp. 774, 776 (S.D.N.Y.1970).

caught and adjudicated guilty for these crimes, he would have received only one conviction for application of the enhanced penalty of § 924(c). *But c.f. United States v. Greene,* 810 F.2d 999 (11th Cir.1986) (enhanced penalty provision of 18 U.S.C. App. sec. 1202(a)(1) applied even though four convictions for burglary resulted from one indictment.) Only an offense charged *after conviction* of those multiple robberies would constitute a second conviction under appellant's reading of § 924(c). The clear language of § 924(c) and congressional intent when enacting the statute does not sustain such a result.

For the foregoing reasons, the district court's alignment of appellant's sentence is AFFIRMED.