**UNITED STATES of America**

v.

**James GODWIN.**

**Crim. A. No. 90–00233–01.**

United States District Court,
E.D. Pennsylvania.

Feb. 28, 1991.

Seth Weber, Christopher Hall, Asst. U.S. Attys., Philadelphia, Pa., for U.S.

Jack Meyerson, Philadelphia, Pa., for James Godwin.

## MEMORANDUM

KATZ, District Judge.

The defendant pleaded guilty to five bank robberies and two counts of using a firearm "during and in relation to" two of those crimes. He must receive a guideline sentence for the bank robberies and a consecutive five year sentence on the first of the two firearm pleas. The question is whether the second firearm plea is "his second or subsequent conviction" under the firearm statute, which would carry a mandatory twenty year consecutive sentence. 18 U.S.C. § 924(c)(1).

The Courts of Appeal in two Circuits have answered that question in the affirmative. *United States v. Rawlings*, 821 F.2d 1543 (11th Cir.), *cert. denied*, 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987); *United States v. Hamblin*, 911 F.2d 551 (11th Cir.1990); *United States v. Nabors*, 901 F.2d 1351 (6th Cir.1990).

The closest guidance in this circuit is an *en banc* holding that a defendant must have two convictions for prior felonies before he commits a third felony to get an enhanced sentence under the Armed Career Criminal Act. *United States v. Balascsak*, 873 F.2d 673 (3rd Cir.1989). As that court says:

> Only a person who has been twice convicted *before committing* the third crime would possibly be prosecuted under the bill.

*Id.* at 681. While I recognize the statutes and legislative histories are different, I cannot explicate the text of the statute in the present case differently from the statute in the *en banc* decision. A principled difference in result should not turn on slight wording distinctions between imposing an enhanced penalty for "his second or subsequent conviction" and not imposing an enhanced penalty after "three previous convictions." Incidentally, the *en banc* decision rejected contrary interpretations in five other circuits, including the Eleventh Circuit, which has the only squarely contrary holding to this court's view in the instant case. *See United States v. Rawlings*, 821 F.2d 1543 (11th Cir.), *cert. denied*, 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987). Alternatively, the *en banc* decision also did not disagree with Judge Becker's concurrence, considering temporal factors between the various offenses on a case-by-case basis. Applying Judge Becker's formulation to this drug addict's spree of robberies on: March 21, 1990; March 22, 1990; March 27, 1990; and twice on April 2, 1990 persuades me to deny enhancement. If the sentence of 157 months in prison and three years supervised release does not solve the problem for this 27 year old, it is difficult to see how another 15 years at the taxpayers' expense would help.[1]

To the extent that I have discretion, I exercise it not to impose the twenty year consecutive term. Even *Nabors* holds:

> However, because of the complexity of this issue, we find the district court's failure to sentence Nabors to a ten-year

---

1. The theory of draconian punishments is apparently undercut by "the reality that there is a 'rapid fall off in the rate of offenses committed by career criminals' once they are in their thirties or forties." *Balascsak*, 873 F.2d at 680 (citation omitted). As applied to this case, the sentence of thirteen years and one month would place Mr. Godwin well into this lower risk group.

consecutive sentence for his second § 924(c)(1) conviction not clearly erroneous.

*Nabors,* 901 F.2d at 1359. The statute is not a model of clarity. Its use of the word "conviction" rather than wording describing the offense suggests an intent to reach recidivists who repeat conduct after conviction in the judicial system for prior offenses. The legislative history suggests that Congress was trying to impose draconian punishment "if he does it a second time." 114 Cong.Rec. 22231, 22237 (1968). It is unclear whether this means a second time as a recidivist or a second time offender who has not faced deterrence by a prior sentence. Criminal statutes must be strictly construed. *Nabors* said that "§ 924(c)(1) is, at best, hard to follow in simple English ..." With Mr. Godwin in front of me, I decline to hold him to a higher test than one found difficult by appellate court judges.