931 F.2d 887
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Drew Mills DOBSON, Defendant-Appellant.
 No. 89-5668.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1990.
Decided April 25, 1991.
As Amended July 11, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CR-88-177, CR-88-178, CR-88-179)
 Lionel Stukes Lofton, Law Offices of Lionel S. Lofton, Charleston, S.C., for appellant.
 John Michael Barton, Assistant United States Attorney, Columbia, S.C. (argued), for appellee; E. Bart Daniel, United States Attorney, L. Suzanne Mays, Third Year Law Student, Columbia, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, DONALD RUSSELL, Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The defendant appeals his convictions under three separate indictments charging armed bank robberies, perpetrated on three separate occasions and involving three different banks located in three different cities. Each indictment also charged the defendant with carrying a firearm during the robberies in violation of 18 U.S.C. Sec. 924(c). All indictments were consolidated for trial. The defendant at trial admitted the crimes but offered an insanity defense. There was conflicting psychiatric testimony. In the course of his jury argument, the government counsel made an improper comment on the evidence. Government counsel admitted to the jury his error and apologized. The district judge advised the jury that the statement was improper and directed the jury to disregard it. She denied the motion for a new trial. In her later jury instruction, she restated her admonition regarding the government counsel's improper statement. The jury returned a verdict of guilty under each of the indictments, and the defendant was sentenced to 41 months imprisonment for the armed bank robbery (pursuant to 18 U.S.C. Secs. 2113(a) and (d)) and five years imprisonment pursuant to 18 U.S.C. Sec. 924(c) (use of a firearm during a crime of violence); on the second indictment the defendant was sentenced to 25 years imprisonment for the armed bank robbery and 10 years imprisonment pursuant to 18 U.S.C. Sec. 924(c); on the third indictment, the defendant was sentenced to 25 years imprisonment for the armed bank robbery and 10 years imprisonment pursuant to 18 U.S.C. Sec. 924(c). All these sentences were to run consecutively for a total sentence of 78 years and 5 months. The defendant has appealed, contending first that the district court erred in denying his motion for a mistrial and, second, that it erred in enhancing the sentences for the second and third robberies. We find no error and affirm.
 
 
 2
 We address, first, the defendant's claim of error in the denial of his motion for a mistrial.
 
 
 3
 There is no dispute that the defendant committed each of the bank robberies charged. Nor is there any denial that he used a firearm in each robbery. Moreover, the defendant carefully planned and carried out with considerable craftiness each robbery. He surveyed for several days each bank that was robbed and acquainted himself with the identities and the daily movements of the banks' employees. In two of the instances, he took employees and their families as hostage the night before the robberies, kept them under his surveillance until early morning, and used them to enable him to effect the robberies. He used the money he seized during the robberies to take trips and to purchase a car and house. The defense he asserted was not that he was innocent of the robberies; he admitted the robberies, but he pleaded that he was insane and not responsible for his actions at the time of the robberies. Both the defendant and the government offered conflicting psychiatric testimony. The insanity defense was left to the jury under instructions which are not faulted by the defendant. The defendant's substantive appeal is directed only at the failure of the district judge to grant his motion for mistrial because of a statement made by the government counsel in his jury argument.
 
 
 4
 The government counsel, in the course of his opening jury argument, made at one point this statement: "You [referring to the jury] got to ask yourselves, did any psychiatrist testify that when he [the defendant] robbed the banks he did not appreciate the nature and quality of what he was doing was wrong." Counsel for the defendant promptly objected to the statement and moved for a mistrial. Though the government in its brief in this Court suggests that the statement was not improper or erroneous, being "no more than an explanation of the law," the government counsel at trial, in response to the defendant's counsel, conceded that the statement was improper, saying: "That is not a proper argument for me to make to you and I apologize for that and I ask you to disregard that." But, assuming that the argument was improper, it does not follow that the statement, repudiated immediately by counsel and promptly declared by the district judge, both at the time the statement was made and later in her instructions, to have been improper, requires reversal of the conviction herein for failure to grant defendant's motion for a mistrial.
 
 
 5
 An improper prosecutorial remark will only require reversal of a conviction if it can be said that the remark was so prejudicial as to deny the defendant an opportunity for a fair trial. Whether there is such prejudice depends on a review of all the facts in the record. In making that determination, a reviewing court should be guided by certain relevant factors. These factors, as declared in our most recent precedent in this connection, are:
 
 
 6
 (1) whether the remarks were pronounced and persistent, creating a likelihood that the remarks would mislead the jury to the prejudice of the defendant, (2) the strength of the properly admitted evidence against the defendant, and (3) the curative actions taken by the district court.
 
 
 7
 United States v. Brockington, 849 F.2d 872, 875 (4th Cir.1988). Other cases have referred to "whether the remarks were isolated or extensive[,] ... and whether the comments were deliberately placed before the jury to divert attention to extraneous matters," United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir.1983), cert. denied, 466 U.S. 972 (1984), and "the closeness of the case, the centrality of the issue affected by the error, and the steps taken to mitigate the effects of the error," United States v. Callanan, 450 F.2d 145, 151 (4th Cir.1971) (citation omitted).
 
 
 8
 The defendant argues that insanity was the central issue in his case--at least, it was the defendant's sole defense--and that this remark was therefore highly prejudicial, thus mandating a mistrial. Our reading of the record, particularly the testimony of the psychiatrists for each side, leads us to question whether this isolated sentence could have prejudicially misled the jury. The psychiatric testimony was extensive, marked by qualifications, and obscured by the use of technical psychiatric terms. We doubt that the single, isolated remark by the government counsel in the course of his jury argument, or the psychiatric testimony, could have contributed to any prejudicial extent to the jury's understanding of the case or clarified in the jury's mind the insanity issue.
 
 
 9
 The defendant cites no factor other than "the centrality of the issue affected by the error" (i.e., the insanity defense) as a basis for his mistrial motion. The offending remark consisted of a single sentence. It was never repeated nor was there any prior comment in the government counsel's argument which would connect with this remark. The government counsel admitted his mistake immediately after he had made the questioned remark, apologized to the jury for it, and asked that the remark be disregarded. The district court ruled at the time that the statement was improper and followed up with a strong admonition to the jury during its jury instructions. At no later time in the record was there any reference back to or any repetition even obliquely of the remark. The court was not tardy in correcting the government counsel or in giving appropriate admonition to the jury. Moreover, there was not the slightest dispute about the defendant's guilt. The defendant's every action, as detailed by him in his own testimony, including the extensive planning, preparation and care with which he carried out each robbery, pointed to his ability to plan and effect an almost errorless robbery. There is not the slightest evidence indicating that he did not know fully what he was doing when he committed these robberies. He showed no remorse or feeling of guilt after the crimes. He cheerfully used the fruits of his criminal acts to buy a car and a house, to take trips, and to indulge in other luxuries. Nor was the district judge hesitant in moving to correct any problem associated with the remark of the government counsel. We find no basis in this isolated remark to void the conviction in this competently defended case which was fairly tried and where the trial court took every precaution to protect the defendant against any possible prejudice.
 
 
 10
 The defendant's second objection is directed at the enhanced sentences imposed for the use of a firearm in the two subsequent bank robberies. Section 924(c) authorizes an enhancement of five years in any sentence for a crime of robbery in which a firearm was used and a sentence enhancement of ten years for any subsequent bank robberies using a firearm. Here, there were three separate indictments covering three different robberies, and the court imposed three separate sentences. It is the defendant's contention, though, that, while there were three separate indictments involving three different incidents in three separate cities, all the indictments were consolidated for trial together, and as a consequence there was but one trial and one conviction, justifying only one enhancement sentence of five years. This same argument was recently advanced in a similar case and was dismissed as without merit. United States v. Rawlings, 821 F.2d 1543 (11th Cir.), cert. denied, 484 U.S. 979 (1987). In that case, the court found that the language of the statute was plain and was to be applied as it was written. Written in plain language, the statute provides for "an enhanced ten-year sentence for a defendant for his 'second or subsequent conviction' of using a firearm during a crime of violence." The Court found that, "based on this broad 'second or subsequent conviction' language, ... appellant's second conviction under Sec. 924(c), even though in the same indictment as his first conviction, legitimately triggers the enhancement provision." Id. at 1545. We agree with this reasoning which gives the statutory language its plain meaning and conforms completely with the Congressional intent. We accordingly find no error in the sentences imposed by the district judge.
 
 
 11
 The judgment of the district court is therefore
 
 
 12
 AFFIRMED.