[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15032
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00235-CR-T-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY TERRELL MOSES, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 26, 2010)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Tony Terrell Moses, Sr., appeals from his sentences imposed for robbery of a bank and robbery of a credit union, in violation of 18 U.S.C. § 2113(a) ("Counts 1 and 3"), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Counts 2 and 4"). On appeal, Moses argues that his 25-year statutory mandatory consecutive sentence as to Count 4, which was imposed pursuant to § 924(c)(1)(C)(i), is unreasonable and unconstitutional. He argues that Congress did not intend that § 924(c)(1)(C)(i)'s enhanced-penalty provision should apply where both of the relevant § 924(c) offenses are charged in a single indictment. In addition, Moses asserts that, because § 924(c)(1)(C)(i)'s language is ambiguous in this respect, the rule of lenity requires that this provision should be interpreted in his favor. Moses further contends that the 25-year sentence as to Count 4 violates the Fifth Amendment's Due Process Clause, although he fails to explain how his sentence offends due process. For the reasons set forth below, we affirm.

## I.

A federal grand jury charged Moses with the following: (1) robbery of a credit union, in violation of 18 U.S.C. § 2113(a) ("Count 1"); (2) using, carrying, and possessing a firearm in furtherance of the crime of violence set forth in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Count 2"); (3) robbery of a bank,

2

in violation of 18 U.S.C. § 2113(a) ("Count 3"); and (4) using, carrying, and possessing a firearm in furtherance of the crime of violence set forth in Count 3, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The indictment specified that the offenses charged in Counts 1 and 2 occurred on August 13, 2008, and that the offenses charged in Counts 3 and 4 occurred on September 30, 2008. Moses pled guilty to all four counts of the indictment without the benefit of a written plea agreement.

In preparing the presentence investigation report ("PSI"), the probation officer determined that the total combined offense level for Counts 1 and 3 was 25. Moses's offense level of 25, when combined with his criminal history category of VI, produced a guideline range of 120 to 137 months' imprisonment. The probation officer noted that, under § 924(c)(1)(A)(ii), Moses was subject to a statutory mandatory minimum term of seven years' imprisonment as to Count 2. Under § 924(c)(1)(C)(i), Moses was subject to a statutory mandatory minimum term of 25 years' imprisonment as to Count 4, because this constituted Moses's second, or subsequent, conviction under § 924(c). The officer further noted that § 924(c)(1)(D)(ii) required that Moses's sentences as to Counts 2 and 4 run consecutively to any other terms of imprisonment imposed. This effectively caused Moses's guideline range to be 494 to 521 months' imprisonment.

At sentencing, the parties agreed that the PSI accurately set forth the applicable guideline range and statutory mandatory sentences. In support of his request for a downward variance for Counts 1 and 3, Moses emphasized that law enforcement officers had learned that he committed the credit union robbery only because he confessed to the crime and provided them with his full cooperation. The district court sentenced Moses to a total term of 444 months' imprisonment, stating that it had arrived at this sentence after considering the advisory guideline range, the statutory mandatory sentences, and the sentencing factors set forth in 18 U.S.C. § 3553(a). The court specified that it sentenced Moses to concurrent terms of 60 months' imprisonment as to Counts 1 and 3. The court explained that it had granted this downward variance based on Moses's cooperation with law enforcement officials and the severity of his statutory mandatory sentences. In addition, the court specified that, pursuant to the applicable statutes, it sentenced Moses to a consecutive term of seven years' imprisonment as to Count 2, and another consecutive term of 25 years' imprisonment as to Count 4.

After pronouncing the sentence, the court asked the parties if there were any objections to its sentence or the manner in which it was imposed, and Moses objected to the 25-year consecutive sentence as to Count 4. He asserted that this sentence was unreasonable and unconstitutional, and further argued that Congress

4

did not intend that a defendant should receive the 25-year mandatory sentence where the relevant § 924(c) offenses were alleged in a single indictment. Moses acknowledged that his argument was foreclosed by precedent. The court imposed the sentence as announced, thus overruling Moses's objection.

## II.

We review *de novo* a constitutional challenge to a defendant's sentence. *United States v. Lyons*, 403 F.3d 1248, 1250 (11th Cir. 2005). In addition, "[t]he interpretation of a statute is a question of law subject to *de novo* review." *United States v. Murrell*, 368 F.3d 1283, 1285 (11th Cir. 2004).

Under § 924(c), any person who brandishes a firearm in furtherance of a crime of violence is subject to a statutory mandatory minimum sentence of seven years' imprisonment, which must run consecutively to any other term of imprisonment imposed. 18 U.S.C. § 924(c)(1)(A)(ii) and (D)(ii). Under § 924(c)'s enhanced-penalty provision, an individual who sustains " a second or subsequent conviction under this subsection . . . shall be sentenced to a term of imprisonment of not less than 25 years," which also must run consecutively to any other term of imprisonment imposed. 18 U.S.C. § 924(c)(1)(C)(i) and (D)(ii).

We have held that § 924(c)'s enhanced-penalty provision applies where the relevant § 924(c) offenses are charged in a single indictment. *United States v.*

5

*Rawlings*, 821 F.2d 1543. 1546-47 (11th Cir. 1987). In so holding, we also held that § 924(c)'s "second or subsequent" language is not ambiguous, and rejected the defendant's argument that the enhanced-penalty clause does not apply unless a previous § 924(c) conviction already has become final. *Id.* at 1546. Similarly, in *Deal v. United States*, the Supreme Court affirmed the defendant's sentence, which included a five-year consecutive sentence and five 20-year consecutive sentences for the defendant's six § 924(c) convictions, all of which were charged in a single indictment. 508 U.S. 129, 130-31, 134-37, 113 S.Ct. 1993, 1996-99, 124 L.Ed.2d 44 (1993). The Supreme Court expressly rejected the defendant's argument that § 924(c)'s "second or subsequent" language signifies that the enhanced-penalty provision applies only where a previous § 924(c) conviction has become final. *Id.* at 134-35, 113 S.Ct. at 1997-98. In addition, the Supreme Court also held that § 924(c)'s enhanced-penalty clause is not ambiguous, and thus does not necessitate the operation of the rule of lenity. *Id.* at 135-36, 113 S.Ct. at 1998.

We have also rejected a defendant's argument that § 924(c)'s mandatory sentencing provisions violate due process. *United States v. Hamblin*, 911 F.2d 551, 555-56 (11th Cir. 1990). Under our prior precedent rule, we are "bound to follow a prior binding precedent unless and until it is overruled by this court *en banc* or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235,

1236 (11th Cir. 2008).

For the reasons set forth above, *Deal* and *Rawlings* foreclose Moses's argument that the enhanced-penalty clause set forth in § 924(c)(1)(C)(i) does not apply if both the initial and "subsequent" § 924(c) offenses were charged in a single indictment. These decisions likewise preclude his argument that § 924(c)(1)(C)(i)'s language is ambiguous, thus requiring the operation of the rule of lenity. We are bound to follow this precedent. Finally, to the extent that Moses can be said to have adequately raised a due process argument, this argument lacks merit in light of our previous holding that § 924(c)'s mandatory sentencing provisions do not offend due process.

**AFFIRMED.**