[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11989-E
_____

IN RE: ORESTES HERNANDEZ,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before MARCUS, MARTIN, and JILL PRYOR, Circuit Judges.

B Y   T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Orestes Hernandez has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his application, Hernandez seeks to raise one claim in a second or successive § 2255 motion.  Hernandez asserts that his claim relies on a new rule of constitutional law, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.  He also asserts that his claim relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016).  Hernandez contends that the Supreme Court's holding in *Johnson* implicates the mandatory terms of imprisonment he received under 18 U.S.C. § 924(c) for using a firearm during a crime of violence.  He argues that his convictions for Hobbs Act robbery and extortion, 18 U.S.C. § 1951, and carjacking, 18 U.S.C. § 2119, no longer qualify

2

as crimes of violence under § 924(c), after the Supreme Court's holding in *Johnson* and *Mathis*.

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application must be dismissed.    28 U.S.C. § 2244(b)(1).    This Court has held that § 2244(b)(1)'s mandate applies to applications for leave to file a second or successive § 2255 motion.    *In re Baptiste*, 828 F.3d 1337, 1339-40 (11th Cir. 2016). Hernandez has previously filed an application for leave to file a second or successive § 2255 motion based on *Johnson*.    In that application, Hernandez contended that his § 924(c) convictions were no longer valid.    We denied his application, reasoning that Hernandez's Hobbs Act convictions qualified as crimes of violence under § 924(c)(3)(A)'s use-of-force clause.    *In re: Orestes Hernandez*, No. 16-11862, manuscript op. at 2-3 (11th. Cir. May 17, 2016).    We noted that Hernandez's indictment confirmed that he was convicted under the part of § 1951 that contained a use of force.    *Id*. at 3.    Accordingly, we denied his application, reasoning that Hernandez's sentence was valid even if *Johnson* invalidated § 924(c)'s residual clause.    *Id.*    Because Hernandez raises the same argument in this application that we previously denied on the merits, under binding precedent his application must be denied.    *Baptiste*, 828 F.3d at 1339.

3

Moreover, *Mathis* does not provide an independent basis for his application, as the Supreme Court's holding in *Mathis* did not announce a "new rule of constitutional law." *See* 28 U.S.C. § 2255(h). Rather, the Supreme Court in *Mathis* provided guidance to courts in interpreting an existing criminal statute. *See Mathis*, 136 S. Ct. at 2248-57.

Accordingly, because Hernandez has failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.

4

MARTIN, Circuit Judge, concurring in result, joined by JILL PRYOR, Circuit Judge:

Orestes Hernandez was sentenced to 775-months imprisonment. 300 months of his sentence—25 years in prison—came from three mandatory-minimum sentencing enhancements he got for using a gun in the commission of his crimes under 18 U.S.C. § 924(c). Mr. Hernandez asks us to make sure the crimes he was charged with qualify as crimes of violence so as to justify the 25 extra years he received under § 924(c). However, we are barred from reviewing his application by In re Baptiste, 828 F.3d 1337 (11th Cir. 2016), which held that "the federal habeas statute requires us to dismiss a claim that has been presented in a prior application" to file a § 2255 motion. Id. at 1339. I have stated my view that this bar created by our Court in Baptiste has no basis in the text of the habeas statute:

> Baptiste was construing . . . 28 U.S.C. § 2244(b)(1), which says any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Of course, [] § 2255 motions . . . are filed by federal prisoners [and] § 2255 motions are certainly not brought "under section 2254," which governs petitions filed by state prisoners. But the Baptiste panel ruled that even though § 2244(b)(1) does not mention § 2255 motions, it applies to them anyway, since "it would be odd [] if Congress had intended to allow federal prisoners" to do something state prisoners can't do.

5

In re Clayton, 829 F.3d 1254, 1266 (11th Cir. 2016) (Martin, J., concurring).    And

> Baptiste is inconsistent with the statute in a second way. The text of the habeas statute shows that it requires courts to dismiss only claims that were already presented in an actual § 2255 motion, as opposed to a mere request for certification of a successive § 2255 motion.    Both § 2244 and § 2254 distinguish between "applications" (which are the § 2254 petitions and § 2255 motions filed in district courts) and "motions" (which are the earlier request for certification filed in a court of appeals). Baptiste assumes that "motion" and "application" mean the same thing, even though Congress carefully distinguished the two.    When Congress uses different words in this way, courts must presume those words mean different things.

In re Anderson, 829 F.3d 1290, 1296 (11th Cir. 2016) (Martin, J., dissenting).

My colleagues have articulated other problems with Baptiste.    See In re Jones,

830 F.3d 1295, 1297 (11th Cir. 2016) (Rosenbaum and Jill Pryor, J.J., concurring).

Baptiste is blocking relief to prisoners like Mr. Hernandez who ask us to

take a second look at their case after we made a mistake in ruling on their case the

first time.    It seems we did get Mr. Hernandez's case wrong the first time we saw

it.    For Mr. Hernandez, this might mean he is required to serve 25 years in prison

based on a sentence that is contrary to law.    For me, I am left to explain the

mistakes the panel and I made the first time he presented us with his problematic

sentence.

Mr. Hernandez was sentenced under 18 U.S.C. § 924(c), which requires a

6

longer prison sentence whenever a defendant uses a firearm during a "crime of violence or drug trafficking crime."   18 U.S.C. § 924(c)(1)(A).   The statute gives more than one definition of "crime of violence," including any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."   Id. § 924(c)(3)(B).   Mr. Hernandez claims this definition is unconstitutional in light of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), which held this phrase: "involves conduct that presents a serious potential risk of physical injury to another" in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague.

We recently held that Johnson could invalidate the "very similar" § 924(c)(3)(B) language.   In re Pinder, 824 F.3d 977, 978 (11th Cir. 2016).   If Johnson does apply to invalidate this language in § 924(c)(3)(B), then Mr. Hernandez's predicate offenses may not "categorically" qualify as a crime of violence for purposes of § 924(c)'s elements clause.   Mr. Hernandez was charged with three counts of violating § 924(c).   Count 3's predicate conviction was Hobbs Act extortion.   Counts 6 and 11 relied on Mr. Hernandez's attempted Hobbs Act extortion and carjacking convictions from two separate occasions.

The panel denied Mr. Hernandez's last application after summarily concluding each of his § 924(c) convictions were based on predicate convictions of

7

Hobbs Act extortion, which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."    In re Hernandez, No. 16-11862, manuscript op. at 3 (11th Cir. May 17, 2016) (quoting 18 U.S.C. § 924(c)(3)(A)).    I believe the panel, of which I was a member, may have been wrong for a number of reasons.

I.

It is not clear to me that Hobbs Act extortion—the predicate conviction for Count 3—is necessarily a "crime of violence" for the purposes of § 924(c).    The panel said that it was, but we cited no caselaw or other authority on that crime. This may have been due to our haste to rule on the application, which was decided (as called for by the statute) within a month of when Mr. Hernandez filed his pro se application, and without the benefit of advocacy or argument from a lawyer.    As I have discussed in another case:

> Forgoing a detailed merits review makes sense because our decisions at this stage are typically based on nothing more than a form filled out by a prisoner.    Without any briefing or other argument made by a lawyer, we are ill equipped to decide the merits of the claim. On top of that, we are expected to decide these applications within 30 days of their filing. "Things are different in the district court. That court has the benefit of submissions from both sides, has access to the record, has an opportunity to inquire into the evidence, and usually has time to make and explain a decision about whether the petitioner's claim truly does meet the § 2244(b) requirements."

> Given those limitations, it would be much more prudent, I believe, to allow the District Court to decide the merits of these cases in the first instance. . . .   While the merits of Mr. Saint Fleur's proposed claim seem easier than in some other cases, it is hard to be sure based on the limited record we have at this stage.

In re Saint Fleur, 824 F.3d 1337, 1341–42, 1344 (11th Cir. 2016) (Martin, J., concurring) (citation omitted).    Because of this, I overlooked the possibility that Hobbs Act extortion can be committed without any actual, attempted, or threatened use of force.    "Extortion" is defined by 18 U.S.C. § 1951(b)(2) as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear."    In evaluating someone's criminal history, we are required to look for the least culpable conduct that could have resulted in the conviction.    That means, for the purposes of this case, we must assume that Mr. Hernandez's conviction rests on the fear of financial loss.    The Eleventh Circuit's pattern jury instructions tell the jury they can convict a defendant of Hobbs Act extortion so long as they believe the defendant consented to giving up property "because of the wrongful use of . . . fear."    11th Cir. Pattern Jury Instructions 70.1 (emphasis added).    This definition "includes the fear of financial loss as well as fear of physical violence."    Id. (emphasis added).

The Supreme Court has told us that the term "physical force" as used in § 924(c)(3)(A) requires "violent force," which means "strong physical force" or

9

"force capable of causing physical pain or injury to another person." Curtis Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010) (quotation omitted). Of course, any given defendant's crime may have involved "physical force" as described by Curtis Johnson. But the actual facts of Mr. Hernandez's convictions have no legal relevance to our decision about whether the crime he was convicted of is a "crime of violence" under § 924(c)'s elements clause. Rather, this question is one "we must answer 'categorically'—that is, by reference to the elements of the offense, and not the actual facts of [the defendant's] conduct." United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013) (O'Connor, J.). Pursuant to this categorical approach, if Hobbs Act extortion can be committed without "the use, attempted use, or threatened use of physical force," which our pattern instructions say it can, then that crime obviously can't have "as an element the use, attempted use, or threatened use of physical force."

It also bears repeating that Hobbs Act extortion can be committed "by wrongful use of actual or threatened force, violence, or fear." 18 U.S.C. § 1951(b)(2). Even though this language says Hobbs Act extortion can be committed either with actual/threatened force, violence, or mere fear, "our inquiry can't end with simply looking at whether the statute is written disjunctively (with

10

the word 'or').    The text of a statute won't always tell us if a statute is listing

alternative means or definitions, rather than alternative elements."    United States

v. Lockett, 810 F.3d 1262, 1268 (11th Cir. 2016).    Mathis v. United States, 579

U.S. ___, 136 S. Ct. 2243 (2016), tells us what to do when faced with an

alternatively phrased statute:

> The first task for a sentencing court . . . is [] to determine whether its listed items are elements or means.    If they are elements, the court should do what we have previously approved: review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime.    But if instead they are means, the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution.

Id. at 2256 (citation omitted).    Mathis examined the statute's use of the word

"burglary" and in doing so made the distinction between the elements that define a

crime and the means by which it can be committed.    Id.    But this distinction may

be even more significant for § 924(c)'s "elements clause."    This "elements

clause" expressly requires as an "element" the use, attempted use, or threatened use

of physical force against the person or property of another.    The law has long been

clear that alternative means of committing a crime set out in a federal criminal

statute are not alternative "elements."    See, e.g., Richardson v. United States, 526

U.S. 813, 817, 119 S. Ct. 1707, 1710 (1999).    And again, whether a crime is

11

"within the ambit of 18 U.S.C. § 924(c) . . . is a question . . .   we must answer 'categorically'—that is, by reference to the elements of the offense."   McGuire, 706 F.3d at 1336 (emphasis added).   If Hobbs Act extortion is not a crime of violence as defined by the Supreme Court, then Mr. Hernandez's § 924(c) sentence is unlawful.


## II.

Mr. Hernandez's § 924(c) convictions under Counts 6 and 11 may be wrong for other reasons as well.   Both these counts relied on predicate convictions of attempted Hobbs Act extortion and carjacking.   Because these counts relied on two predicate crimes, it is impossible to tell from the jury's verdict whether the jury unanimously agreed that each § 924(c) conviction related to any one particular underlying offense.   See In re Gomez, 830 F.3d 1225, 1227 (11th Cir. 2016). That means that if either predicate crime does not qualify as a "crime of violence" under § 924(c) in light of Johnson, then both Count 6 and Count 11 are unlawful. See id. ("[A] general verdict of guilty does not reveal any unanimous finding by the jury that the defendant was guilty of conspiring to carry a firearm during one of the potential predicate offenses, all of predicate offenses, or guilty of conspiring during some and not others.").

12

In addition to what I have said about Hobbs Act extortion, attempted Hobbs Act extortion is even less likely to qualify as a "crime of violence" in light of Johnson. As this Court recognized in Gomez, even if the underlying offense (Hobbs Act extortion) is a crime of violence, the attempt to commit that crime may not categorically be a "crime of violence." Id. at 1228. Beyond the issues I have raised about what qualifies as "extortion," there is also the unsettled question of whether a defendant can be convicted of attempting Hobbs Act extortion even if he did not take substantial steps toward using or threatening the use of force. See id. Again, we must look to the least culpable conduct for which someone could be convicted of this crime: attempting to cause someone to give up property using the fear of financial loss. It seems to me "the plausible applications of" attempted Hobbs Act extortion might not "all require the [attempted] use or threatened use of force." See McGuire, 706 F.3d at 1337. Our panel therefore should have granted Mr. Hernandez's application last time and sent it to the District Court to decide these questions "fresh, or in the legal vernacular, de novo." Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007).

### III.

As I've said, the panel's decision on Mr. Hernandez's first application was made quickly after this Court received his pro se application, and without the

benefit of counsel.    Since Baptiste issued, it has been used to bar countless § 924(c) prisoners from even filing a § 2255 motion after we discovered a mistake in our first decision.    Mr. Hernandez is among this number.    These cases are always troubling, but considering how severe § 924(c) sentences can be, this is especially so.    I am also well aware of how often § 924(c) is used to require exceptionally harsh sentences in this circuit.    Mr. Hernandez received three § 924(c) sentences for these crimes all charged in a single indictment.    In other words, Mr. Hernandez's record does not show someone who violated § 924(c), got punished for it, then violated it again.    That means he received a 475-month sentence for three violations the first time he ever faced this charge.    But the § 924(c) violations (charged because Mr. Hernandez used a gun in the crimes) added to his sentence an additional mandatory 300 months (25 years).[1]

Since the time Mr. Hernandez got his over-60-year sentence, the United States Sentencing Commission has reported to Congress that "[t]he 'stacking' of mandatory minimum penalties for multiple violations of section 924(c) results in excessively severe and unjust sentences."    U.S.S.C. Report to Congress,

---

[1] Under § 924(c), any person who brandishes a firearm in furtherance of a crime of violence is subject to a statutory mandatory minimum sentence of 7-years imprisonment, which must run consecutively to any other term of imprisonment imposed.    18 U.S.C. §§ 924(c)(1)(A)(ii), (D)(ii). Also, anyone with "a second or subsequent conviction under this subsection . . . shall be sentenced to a term of imprisonment of not less than 25 years," which also must run consecutively to any other term of imprisonment imposed.    Id. §§ 924(c)(1)(C)(i), (D)(ii).

Mandatory Minimum Penalties in the Federal Criminal Justice System, October 2011, at 359.   They use the term "stacking" to refer to the practice of charging more than one § 924(c) violation together in a single indictment.   "Stacking" results in each violation building on top of the other to trigger a higher mandatory minimum sentence.   The first requires at least 5 years in prison, and each one adds 25 years consecutive.   Though this system of escalating penalties may have been intended to punish repeat offenders who served one § 924(c) sentence and then violated § 924(c) again later,[2] prosecutors can charge multiple § 924(c) counts to dramatically increase a defendant's minimum sentence for a series of crimes committed close in time.   This includes crimes that all happened in the same day.   And "[s]uch a result may occur even if the offender has no prior record."   Id.

According to the Commission's report to Congress, "[t]he sentences for offenders convicted of multiple counts of an offense under section 924(c) were the highest average sentences for any offenders convicted of an offense carrying a mandatory minimum penalty in fiscal year 2010."   Id.   Citing testimony by the Judicial Conference of the United States, the Commission told Congress that sentences under § 924(c) are often greater "than the guideline sentences for

---

[2] For more on the intent behind § 924(c), see United States v. Rawlings, 821 F.2d 1543 (11th Cir. 1987).

15

offenders who commit the most serious, violent crimes." Id. at 361.   The
Sentencing Commission also acknowledged that "the Judicial Conference has
urged Congress on at least two occasions to amend the 'draconian' penalties
established at section 924(c) by making it a 'true recidivist statute, if not rescinding
it all together.'"   Id. at 360–61.   The Sentencing Commission joined the Judicial
Conference of the United States in concluding that the practice of "stacking"
§ 924(c) sentences is so unjust that Congress should eliminate it.   Id. at 364.

Although many things about this case are troubling, perhaps most worrisome
is that Mr. Hernandez might never have received this sentence if he had been
sentenced in another part of the country.   The Sentencing Commission also
reported to Congress that the practice of "stacking" § 924(c) charges happens in
very few districts.   The Commission's data showed "no evidence that those
offenses occur more frequently in those districts than in others."   Id. at 361.   The
Sentencing Commission thus concluded that "this geographic concentration is
attributable to inconsistences in the charging of multiple violations of § 924(c)."
Id. at 361–62.   As it happens, the Southern District of Florida, where Mr.
Hernandez was sentenced, is one of the districts recognized as exceptionally
prolific in charging § 924(c) crimes.   In fiscal year 2010, at least one in thirty-five
of our entire nation's § 924(c) sentences came from the Southern District of

16

Florida.    Id. at 276.    The Southern District of Florida was one of only twelve districts in the country that reported having over 50 of these cases that year.    Id. For the same period, 38 districts reported having ten or fewer.    Id.

### III.

If we got it wrong on Mr. Hernandez's first application (and I fear we did), his sentence may be unlawful.    All Mr. Hernandez asked us to do is let the District Court hear a § 2255 motion that would ask if his sentence is illegal.    As I wrote in Saint Fleur:

> The stakes in these cases are very high, since many of these applicants claim they are in prison beyond the lawful limit of their sentence.    And the margin for error is very low, since the "denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." Federal judges are rarely authorized to make legal decisions that are not subject to review.    In the few circumstances for which Congress has given us this authority, we ought to wield it with extreme caution.

824 F.3d at 1344 (Martin, J., concurring) (citation omitted).    Baptiste appears to set our earlier decision in stone, even when we get it wrong.    Nevertheless Baptiste is binding precedent in this circuit, so Mr. Hernandez will not be allowed to present his case to a District Court for an examination of whether his sentence is legal.

17