**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 28, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Respondent-Appellee,

  v.

DANIEL L. CARD,

   Petitioner-Appellant.

No. 06-4242

(D. of Utah)

(D.C. No. 06-CV-529-TC)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

  This matter stems from a pro se appeal by Daniel L. Card of a district court order denying his motion seeking relief from the operation of a judgment under Federal Rule of Civil Procedure Rule 60(b)(6). Because the motion must be treated as a successive motion of relief under 28 U.S.C. § 2255, we vacate the district court's order for lack of subject-matter jurisdiction, construe Card's

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

notice of appeal and appellate brief as an implied application for authorization to file another § 2255, and deny authorization.

## I. Background

In 1997, Daniel L. Card was convicted for possessing an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871, and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 87 months imprisonment and three years of supervised release. This court upheld Card's conviction and sentence on direct appeal. *See United States v. Card*, 162 F.3d 1174 (10th Cir. 1998).

In 1999, Card filed his first motion to set aside his sentence pursuant to 28 U.S.C. § 2255, which the district court promptly denied. On appeal, we denied Card a certificate of appealability (COA) and dismissed his case. *See United States v. Card,* 242 F.3d 391 (10th Cir. 2000). In 2003, he filed a motion for authorization to file another § 2255 petition claiming that the shotgun used in his trial was obtained as a result of an illegal search of his home. The motion was denied for failing to satisfy the stringent Antiterrorism and Effective Death Penalty Act standards for second or successive petitions in § 2255. *See United States v. Card*, No. 03-4281 (10th Cir. Jan. 29, 2004).

On June 30, 2006, Card filed a motion for relief from his direct and habeas appeals pursuant to Rule 60(b)(6) in the district court.[1] In his motion, Card alleges that his convictions were premised on an illegal search and fraudulent misrepresentations by the prosecution. On July 17, 2005, the court, by letter, asked Card if his motion might more appropriately be brought under § 2255 and asked him if the court should convert the motion to a § 2255 motion to vacate.

---

[1] In 2000, Card was separately convicted of two counts of armed credit union robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and two counts of using or carrying a sawed-off shotgun during the robberies in violation of 18 U.S.C. § 924(c)(1). He was sentenced to 406 months in prison and five years of supervised release. While Card inadvertently (we assume) included documents from his 2000 conviction in his motion papers before the district court, based on his allegations we construe this Rule 60(b) motion to only encompass his 1997 convictions.

Since the sentence on the 2000 convictions runs concurrently with the 1997 sentence, it is unclear whether Card remains incarcerated on his 1997 sentence, raising mootness concerns. Nevertheless, our jurisdiction is unaffected because he is yet to serve his supervised release sentence. *See Oyler v. Allenbrand,* 23 F.3d 292, 293–94 (10th Cir. 1994) (a habeas appeal is not moot if a petitioner faces possible collateral consequences from the conviction); *United States v. Castro-Rocha*, 323 F.3d 846, 847 n.1 (10th Cir. 2003) ("[A] defendant's unexpired term of supervised release, which could be reduced by a favorable appellate decision, is sufficient to defeat a claim of mootness.").

Furthermore, in Card's motion, he asks for relief from the operation of the judgment of his "appeals, from his direct to his 2241." First, the record shows that Card initially filed a § 2255 petition, not a § 2241 petition. Second, to the extent Card wishes this Rule 60(b) motion to reach his underlying firearms convictions, we hold that it does not. A party's appeal from the denial of a Rule 60(b) motion "raises for review only the district court's order of denial and not the underlying judgment itself." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

The court advised Card that "if you wish for [the court] to treat your motion as a § 2255 motion, a second motion could be treated as a 'successive motion' and subject to review by the Tenth Circuit Court of Appeals." Second or successive petitions for habeas relief are subject to standards articulated in 28 U.S.C. § 2244(b). Card responded to the district court stating that he did not want his motion converted to a § 2255 petition. On August 1, 2006, the district court denied Card's Rule 60(b)(6) motion "[b]ecause the only relief to which Mr. Card is entitled can be found under § 2255."

Card filed a notice of appeal on September 29, 2006 arguing that the district court misconstrued the statutory language of Rule 60(b). We now consider his appeal and vacate the district court's order. For the reasons set forth below, we construe Card's appeal as a request for authorization to file a successive § 2255 petition and deny authorization.

## II. Analysis

We recently set out the substantive and procedural rules that federal district and appellate courts must follow when ruling on a Rule 60(b) motion challenging the denial of a § 2254 or § 2255 petition. *Spitznas v. Boone*, 464 F.3d 1213, 1215–19 (10th Cir. 2006). This articulation was in response to the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), which altered our circuit rule to treat all Rule 60(b) motions in habeas proceedings as a second or successive habeas petition for purposes of § 2244. *Cf. Lopez v. Douglas*, 141

-4-

F.3d 974 (10th Cir. 1998). In *Gonzalez*, the Supreme Court distinguished between "true" Rule 60(b) motions that do not need to meet the stringent standards of § 2244 and motions that are actually a second or successive habeas petition requiring adherence to § 2244. *Gonzalez*, 545 U.S. at 532–33.

We now apply the *Spitznas* framework to Card's motion.

## A.     Successive Petition or True Rule 60(b) motion

According to *Spitznas*, the first step for the district court is to "determine . . . whether the motion is a true *Rule 60(b)* motion or a second or successive petition." 464 F.3d at 1216. A motion is a "true *Rule 60(b)*" if it (1) challenges a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding. *Id.* at 1215–16. A Rule 60(b) motion is a second or successive petition if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215. The district court did not make an explicit ruling on this issue.

Notwithstanding the lack of an express finding, we believe the district court could not avoid concluding that Card's motion was a successive habeas claim. Card asserts fraudulent behavior by prosecutors and law enforcement officials in concealing an illegal search of his home during his underlying federal conviction. As *Spitznas* dictates, a motion alleging "fraud on . . . the federal district court that convicted and/or sentenced the movant in the case of a § 2255

-5-

motion . . . will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding." 464 F.3d at 1216. This conclusion is consistent with the district court's warning to Card in its July 17, 2006 letter that the motion could be treated as a "'successive motion' and subject to review by the Tenth Circuit Court of Appeals."

## B. Transfer of Motion

*Spitznas* also holds that the district court should either (1) rule on the petitioner's motion as any other Rule 60(b) motion if it is a true Rule 60(b) motion, or (2) transfer the matter to this court for authorization under § 2244(b)(3) if it is actually a second or successive petition. 464 F.3d at 1217. The district court failed to do either. Instead, in the August 1, 2006 order, the district court summarily denied Card's motion "[b]ecause the only relief to which Mr. Card is entitled can be found under § 2255."

While the district court properly invited Card to convert his motion to a successive § 2255 motion, it was without jurisdiction to deny the motion when he declined the invitation. Since the motion's true nature was a second or successive habeas petition, the district court has no jurisdiction over the matter, 28 U.S.C. § 2244(b)(3)(B). The district court therefore should have transferred the action to this court under 28 U.S.C. § 1631, authorizing the transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in

which the action or appeal could have been brought at the time it was filed or noticed." Such a rule is not new to the circuit. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief under § 2254 or § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C)] § 1631.").[2]

## C.    Appellate Review of District Court's Disposition

*Spitznas* next dictates our review of a district court's disposition of a Rule 60(b) motion. If the district court correctly treats the motion as a true Rule 60(b) motion and denies it, we will require a COA before proceeding with the movant's appeal. *Spitznas*, 464 F.3d at 1218. On the other hand, if the district court construes the motion as a second or successive petition, we will not require a COA to determine if the motion is in fact a second or successive petition or if the matter warrants authorization to file since there is technically nothing to appeal. *Id.* We retain ultimate responsibility for determining the true nature of a Rule

---

[2] Since the rule in *Coleman*, which was re-articulated in *Spitznas*, only states that district courts *should* transfer a Rule 60(b) motion to this court if it is actually a second or successive petition, it is a hortatory rather than a compulsory command and so impliedly the district court may also dismiss an improper Rule 60(b) motion for lack of jurisdiction. *See Spitznas*, 464 F.3d at 1227. We do not read the district court's order as disavowing its jurisdiction.

60(b) motion if the motion's characterization "is uncertain, in dispute by the petitioner, or if we disagree with the district court's determination." *Id.* at 1219.

Here, the district court likely recognized the motion as a successive petition, but failed to transfer the matter to this court. *Spitznas* counsels, "If the district court has incorrectly treated a second or successive petition as a true Rule 60(b) motion and denied it on the merits, we will vacate the district court's order for lack of jurisdiction and construe the petitioner's appeal as an application to file a second or successive petition." *Id.*

While the district court did not treat the second or successive petition as a true Rule 60(b) motion, as we stated above, the district court should have forwarded the motion to this court as an application for authorization to file a second or successive petition or at the very least dismissed the motion for lack of jurisdiction. Accordingly, we vacate for lack of jurisdiction the district court's order denying Card's Rule 60(b) motion and treat Card's appeal and appellate brief as an implied application to file a second or successive petition. *See Pease v. Klinger,* 115 F.3d 763, 764 (10th Cir. 1997) (construing a notice of appeal and appellate brief as an implied application for leave to file a successive § 2254 petition).[3]

_____

[3] In *Spitznas,* we similarly faced a district court's summary denial of a Rule 60(b) motion which contained a second or successive habeas claim. We construed the movant's appeal as an application to file a successive petition. *Spitznas*, 464 F.3d at 1226.

**D.      Request for Successive § 2255 Application**

We now turn to Card's § 2255 application and deny the request for authorization to file a second or successive application. Under 28 U.S.C. §§ 2244(b)(1) and 2255, a "claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." In November 2003, Card filed his *second* § 2255 petition. In that motion, Card asserted the shotgun that served as the basis of his convictions was obtained as a result of an illegal search of his home because a Utah police officer, who testified for the prosecution, failed to secure a second search warrant. He claimed that the officer's trial testimony gave a false impression to the court that the information about the shotgun came from a legal search. We denied Card authorization for failure to conform with §§ 2244 and 2255's criteria for a second habeas petition.

In his current Rule 60(b) motion, Card argues the same points. He again alleges that Utah police failed to obtain a second search warrant and that the shotgun was obtained through an illegal search. He accuses the government of fraud by letting the conviction stand knowing that evidence was obtained illegally. The claims in Card's second and now third § 2255 petition are indistinguishable and we therefore deny Card authorization to file a successive claim concerning the alleged fraud in his underlying federal conviction.

### III. Conclusion

Because Card's Rule 60(b) motion is truly a successive motion for relief under 28 U.S.C. § 2255, we VACATE the district court's order for lack of jurisdiction, read Card's appeal as an implied application for authorization to file another § 2255, and DENY authorization for a COA.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge