[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  16-13959-J

_____

In re: GARY BAPTISTE,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____


Before HULL, MARCUS, and JULIE CARNES, Circuit Judges.

BY THE P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Gary Baptiste has filed a counseled application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence.  In his application and attached legal memorandum, Baptiste challenges his convictions under 18 U.S.C. §§ 924(c) and 924(o) for using a firearm during a drug trafficking crime and conspiracy to possess a firearm in furtherance of a drug trafficking crime.  He asserts an entitlement to relief under the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, and *Welch v. United States*, 136 S. Ct. 1257 (2016), which applied *Johnson* retroactively to cases on collateral review.

Notably, this is Baptiste's second time filing an application with this Court raising almost exactly the same claim. The first time his application was before us, we held in relevant part:

> Baptiste's claim does not meet the statutory criteria for granting his application. Even if we assumed that the rule announced in *Johnson* encompassed the residual clause of § 924(c), *see In re: Ricardo Pinder, Jr.*, --- F.3d ----, No. 16-12084-J (11th Cir. June 1, 2016), Baptiste would not be entitled to relief because his conviction for violating § 924(c) was based on a drug trafficking crime, not a crime of violence. Specifically, Baptiste was convicted of conspiring to rob cocaine from a stash house. This was classified in the Presentence Investigation Report ("PSI") as a drug trafficking crime, a characterization Baptiste did not challenge in the PSI or the written judgment prior to sentencing, at sentencing, or on direct appeal. Because *Johnson* did not address the definition of a drug trafficking crime, Baptiste's reliance on that case is misplaced.

*In re Baptiste*, No. 16-12518-J, manuscript op. at 3-4 (11th Cir. June 15, 2016). Because we have already denied Baptiste's *Johnson* claim on the merits once, his application raising the same claim is likewise denied.

For starters, like his first application, Baptiste's newest application asserts that he was denied due process because his convictions under 18 U.S.C. §§ 924(c) and 924(o) incorporate unconstitutionally vague statutory language. Both applications go on at great length about the role of the Court in considering applications for leave to file a second or successive habeas motion, the application of the categorical and modified categorical approaches to statutes, and the purported constitutional deficiencies in § 924(c)'s residual clause. As we read it, this is precisely the same claim he raised in round one. We have held that a claim is the same where the basic gravamen of the argument is the same, even where new supporting evidence or legal arguments are added. *In re Everett*, 797 F.3d 1282, 1288 (11th Cir. 2015). Here, the only difference we perceive between Baptiste's first and second applications is that his second application also disputes our decision in denying his first application to credit the sentencing

2

court's characterization of his conviction for conspiring to steal cocaine from a stash house as a drug trafficking offense.

First, as we see it, the federal habeas statute requires us to dismiss a claim that has been presented in a prior application. The statute directs that a "second or successive motion [for habeas relief] must be certified as provided in section 2244." 28 U.S.C. § 2255(h). Section 2244 commands that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Although § 2244(b)(1) explicitly applies to petitions filed under § 2254, which applies to state prisoners, it would be odd indeed if Congress had intended to allow federal prisoners to refile precisely the same non-meritorious motions over and over again while denying that right to state prisoners. Moreover, several of our sister circuits have applied § 2244(b)(1) to federal prisoners seeking to file a second or successive application under § 2255. *See Green v. United States*, 397 F.3d 101, 102 n.1 (2d Cir. 2005); *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). Thus, for example, in *Taylor*, 314 F.3d at 836, the Seventh Circuit reasoned that the cross-reference in § 2255(h) to § 2244 meant that the standards set forth in § 2244 applied with equal force to habeas motions filed by federal prisoners. In a subsequent decision, the Seventh Circuit explained that it made little sense to deny the ability to file repetitious petitions only to state prisoners. *White v. United States*, 371 F.3d 900, 901 (7th Cir. 2004). Indeed, the Second and Sixth Circuits apparently considered the point so obvious that they applied § 2244(b)(1)'s bar against repetitious filings to motions under § 2255 without feeling compelled to engage in any analysis. *See Green*, 397 F.3d at 102 n.1; *Charles*, 180 F.3d at 758.

3

The command of § 2244(b)(1) applies with equal force where a prisoner seeks leave to file a second or successive habeas motion based on a claim we rejected in a previous application seeking such leave. *See Bennett v. United States*, 119 F.3d 470, 470-71 (7th Cir. 1997); *United States v. Card*, 220 F. App'x 847, 851 (10th Cir. 2007) (unpublished). In *Bennett*, 119 F.3d at 470-71, the Seventh Circuit explained that applying § 2244(b)(1)'s prohibition only against claims raised in a previous § 2255 motion (as opposed to an application to file such a motion) would treat frivolous applications more favorably than those that presented some arguable merit. Specifically, applying § 2244(b)(1) only to fully filed and adjudicated motions would bar prisoners from re-filing a colorable, though ultimately unsuccessful, claim while allowing prisoners whose applications for leave to file a second or successive habeas motion failed even to make a *prima facie* showing of merit to file the same claim again and again. *Id*. Following the lead of our sister circuits, we hold that § 2244(b)(1)'s mandate applies to applications for leave to file a second or successive § 2255 motion presenting the same claims we have already rejected on their merits in a previous application.

Here, where we previously rejected on the merits Baptiste's claim that *Johnson* invalidates his conviction under 18 U.S.C. §§ 924(c) and 924(o), § 2244(b)(1) requires that we dismiss this application raising the same claim. Indeed, the statute provides that a repetitious filing "*shall* be dismissed." 28 U.S.C. § 2244(b)(1) (emphasis added). And, as we have written, "The word 'shall' does not convey discretion. It is not a leeway word." *United States v. Quirante*, 486 F.3d 1273, 1275 (11th Cir. 2007). Thus, as we read the law, this Court does not have discretion to entertain Baptiste's repetitious filing even if we were inclined to do so. *Tyler v. Cain*, 533 U.S. 656, 661 (2001) ("If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases."); *In re Hill*, 715

4

F.3d 284, 291 (11th Cir. 2013) ("The statute does not say 'may be dismissed,' it says 'shall be dismissed.'").

Moreover, § 2244 provides a second, alternative, basis for denying Baptiste's application. The thrust of his application here is that he is entitled to relief under *Johnson* and that our previous order holding otherwise was wrong. Thus, he is essentially asking us to reconsider our previous order. But the statute provides that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application . . . shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E). This does not place our orders "beyond all review, as the statute does not preclude the Court of Appeals from rehearing such a decision *sua sponte*." *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015); *see also In re Byrd,* 269 F.3d 585, 585 (6th Cir. 2001) (en banc) (court may *sua sponte* order rehearing en banc); *Thompson v. Calderon,* 151 F.3d 918, 922 (9th Cir. 1998) (en banc) (same); *Triestman v. United* States, 124 F.3d 361, 367 (2d Cir. 1997) (holding that § 2244(b)(3)(E) "does not purport to limit the court's own power to review its decisions or to undertake a rehearing"). The statute does, however, bar us from creating a loophole for avoiding the command of § 2244(b)(3)(E) by permitting a prisoner to file what amounts to a motion for reconsideration under the guise of a separate and purportedly "new" application when the new application is the same as the old one.

Finally, even if we were not required by the statutory language to deny Baptiste's application -- and we think we are bound by the language -- we would still do so pursuant to the law-of-the-case doctrine. "Under the law-of-the-case doctrine, 'an appellate decision binds all subsequent proceedings in the same case.'" *In re Lambrix*, 776 F.3d at 793 (quoting *United States v. Amedeo*, 487 F.3d 823, 829 (11th Cir. 2007)). As we wrote in *Lambrix*, "We enforce this judge-made doctrine in the interests of efficiency, finality and consistency: failure to honor

its commands can only result in chaos." *Id.* at 794 (internal quotation marks omitted). That said, the doctrine is not absolute. Indeed, we have recognized three exceptions to our ordinary rule where: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior appellate decision was clearly erroneous and would work manifest injustice." *Id.* at 793-94 (quoting *Amedeo,* 487 F.3d at 830). Thus, because we have already denied Baptiste's application on the merits, we are bound to adhere to that ruling here where he has filed a substantively identical claim unless one of those three exceptions applies.

Baptiste has not shown that his case fits into any of the exceptions. Baptiste has not alleged that a subsequent trial produced substantially different evidence, nor has he pointed to any decisions of law that would mandate a different result in this case. Rather, he argues that our decision was simply incorrect, which we construe here as an attempt to meet the third exception to the law-of-the-case doctrine. But he has failed to show that our decision was clearly erroneous. Both the PSI and written judgment indicated that Baptiste's conviction for conspiring to rob cocaine from a drug stash house was a drug trafficking offense -- a characterization Baptiste never challenged in either instance. Crediting the sentencing court's uncontested characterization of Baptiste's predicate crime, we concluded that *Johnson* afforded him no relief because that case did not affect the definition of a drug trafficking crime. Even were we not statutorily obligated to dismiss Baptiste's repetitious filing, we would adhere to our previous decision under the law-of-the-case doctrine because Baptiste has not shown that his present application falls into any of that doctrine's exceptions.

In short, where we have already denied an application for leave to file a second or successive motion under § 2255 on the merits, we are required by statute and our caselaw to

6

reject a subsequent application raising the same claim. Here, because Baptiste's application does no more than restate his previous claim and argue that our order rejecting that claim was erroneous, his application is DENIED.