[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14125-J

_____

IN RE: WAYNE ANDERSON,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before: ED CARNES, Chief Judge, MARCUS and MARTIN, Circuit Judges.

B Y   T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Wayne Anderson has filed an

application seeking an order authorizing the district court to consider a 28 U.S.C. § 2255 second

or successive motion to vacate, set aside, or correct his federal sentence.  The authorization may

be granted only if this Court certifies that the second or successive application is based on a

claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have found the movant guilty of the
> offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  "The court of appeals may authorize the filing of a second or successive

application only if it determines that the application makes a prima facie showing that the

application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that this Court "make[s] only a prima facie decision" that the statutory criteria have been met, which is only a threshold determination).

In his application, Anderson seeks to raise one claim in a second or successive § 2255 motion, based on the new rule of constitutional law announced in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551, 2563 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. That new rule was made retroactively applicable in *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257, 1264–65 (2016), which means that federal prisoners who can make a *prima facie* showing that their sentences rested, at least in part, on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion in the district court. *See also* 28 U.S.C. § 2255(h)(2). Anderson, however, does not contend that his sentence was enhanced under the ACCA. Instead, he claims that the district court improperly sentenced him, in 1995, as a career offender under the then-mandatory Sentencing Guidelines, using the residual clause of U.S.S.G. § 4B1.2. He argues that because the residual clauses in § 4B1.2 and the ACCA are "identical," *Johnson* also invalidated the Guidelines clause. As a result, he claims that his sentence violated his right to due process.

Anderson's argument is foreclosed by our post-*Johnson* decisions. In *United States v. Matchett*, 802 F.3d 1185, 1193–96 (11th Cir. 2015), we held that the vagueness doctrine, upon which the Supreme Court invalidated the ACCA's residual clause in *Johnson*, did not apply to advisory Sentencing Guidelines. We explained that the vagueness doctrine applies both to statutes that define elements of crimes and to statutes fixing sentences, but noted that "the

2

advisory guidelines do neither." *Id.* at 1194. We then emphasized that, because the pre-Guidelines sentencing scheme that gave plenary discretion to sentencing judges did not violate the notice requirement of the Due Process Clause, advisory guidelines that merely "inform a sentencing judge's discretion also cannot violate the notice requirement." *Id.* at 1194–95. Finally, we explicitly rejected Matchett's policy-based argument that allowing the identically worded residual clause in § 4B1.2(a) to stand would upend the sentencing process by forcing sentencing courts to apply a clause that *Johnson* determined to lack precise meaning. *Id.* at 1195–96. We explained that

> [a]lthough *Johnson* abrogated the previous decisions of the Supreme Court interpreting the residual clause of the Armed Career Criminal Act, sentencing courts interpreting the residual clause of the guidelines must still adhere to the reasoning of cases interpreting the nearly identical language in the Act. [Matchett's] policy concern is properly addressed to the United States Sentencing Commission . . . .

*Id.*

We later held, in *In re Griffin*, No. 16-12012, __ F.3d __, 2016 WL 3002293, at *4–5 (11th Cir. May 25, 2016), that an applicant seeking leave to raise a *Johnson*-based challenge to his career offender enhancement, which was imposed when the Sentencing Guidelines were mandatory, did not make a *prima facie* showing that his claim satisfied the criteria of § 2255(h)(2) because he was not sentenced under the ACCA or beyond the statutory maximum for his crime. In doing so, we concluded that "the logic and principles established in *Matchett* also govern . . . when the Guidelines were mandatory." *Id.* at *4. We reasoned that the Guidelines, whether advisory or mandatory, cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to limit and assist the sentencing judge's discretion. *Id.* at *4–5.

3

Furthermore, we concluded in *Griffin* that even if *Johnson* applies to the Sentencing Guidelines and invalidated the residual clause in § 4B1.2(a)(2), the Supreme Court's ruling in *Welch* did not "make[ ] *Johnson* retroactive for purposes of a second or successive § 2255 motion premised on the applicability of *Johnson* to a guidelines challenge." *Id.* at *5. We reasoned that, while the "application of *Johnson* to the ACCA was a substantive change in the law because it altered the statutory range of permissible sentences," a rule that extended *Johnson* to the residual clause of the career offender guideline would establish only that the guideline range had been incorrectly calculated within the statutory boundaries. *Id.* Thus, the extension of *Johnson* to a guidelines context would create changes only in "how the sentencing procedural process is to be conducted — changes that are not entitled to retroactive effect in cases on collateral review in a second or successive § 2255 motion." *Id.*

As our dissenting colleague points out, the Supreme Court has granted certiorari in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016), a case that presents the question whether the residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines is unconstitutionally vague. We agree that if the Supreme Court holds in *Beckles*, which is a § 2255 case, that the § 4B1.2(a)(2) residual clause is unconstitutional, that decision will establish "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). If that happens, Anderson will be able to file a new application seeking certification to file a second or successive § 2255 motion based not on *Johnson* but on *Beckles*.

We do, however, disagree with our dissenting colleague's statement that "'denials of successive applications are without prejudice' and so 'our decision does not preclude [Anderson] from filing a new successive application in the future . . . .'" Dissenting Op. at 3–4 (quoting

4

*Griffin*, 2016 WL 3002293, at *5 n.4). The *Griffin* decision does say that "denials of successive applications are without prejudice, and thus our decision does not preclude [an applicant] from filing a new successive application in the event of future Supreme Court constitutional rulings about the Sentencing Guidelines, subject to all statutes of limitations and tolling provisions." *Griffin*, 2016 WL 3002293, at *5 n.4. But that statement is dicta. That application was Griffin's first, so the *Griffin* panel's statement about what would happen if he were to file a second or third one is not a holding and therefore not binding under the prior panel precedent rule. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010) ("We have pointed out many times that regardless of what a court says in its opinion, the decision can hold nothing beyond the facts of that case."). And, for the record, neither is what we say in this part of our order because this, too, is a first application case.

Contrary to the dicta in *Griffin*, denials of successive applications are with prejudice. They must be with prejudice because that is what § 2244 requires. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall be dismissed*.") (emphasis added); *id.* § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and *shall not be the subject of a petition for rehearing* or for a writ of certiorari.") (emphasis added); *see also In re Baptiste*, __ F.3d __, No. 16-13959, 2016 WL 3752118, at *2 (11th Cir. July 13, 2016) (holding that § 2244(b)(1) bars an applicant from filing applications "seek[ing] leave to file a second or successive habeas motion based on a claim we rejected in a previous application seeking such leave," and that § 2244(b)(3)(E) "bar[s] us from . . . permitting a prisoner to file what amounts to a motion for reconsideration under the guise of a separate and purportedly 'new' application when the new application is the same as

5

the old one"). What this means for Anderson is that he cannot file another application raising the same *Johnson* claim that we have denied in this order unless and until the Supreme Court establishes in *Beckles* or some other future decision "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2), at which time he can file an application raising a claim based on that new rule decision, *see id.*

Our point is that the present denial of Anderson's application is with prejudice unless and until *Beckles* or some future Supreme Court decision establishes a new rule of constitutional law that the residual clause contained in § 4B1.2(a)(2) is unconstitutional. It is without prejudice to his filing another application if and when the Supreme Court issues such a decision in the future.

In light of our decisions in *Matchett* and *Griffin*, Anderson has failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255(h). His application for leave to file a second or successive motion is hereby **DENIED**.

MARTIN, Circuit Judge, dissenting:

Wayne Anderson was sentenced based on United States Sentencing Guideline § 4B1.2, which contains the same 13 words that Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), made unconstitutional. The government agrees that Johnson invalidated the identical language of USSG § 4B1.2, at least on direct appeal. But our court ruled otherwise. See United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015). I have written before that I believe "Matchett was wrongly decided." In re Robinson, 822 F.3d 1196, 1198 n.2 (11th Cir. 2016) (Martin, J., concurring). I later explained why in more detail. See In re Clayton, __ F.3d __, __, 2016 WL 3878156, at *2–*7 (11th Cir. July 18, 2016) (Martin, J., concurring). The majority here emphasizes that Matchett "noted that no circuit had held in a published decision that advisory guidelines could be unconstitutionally vague . . . and in fact, four circuits had held that the guidelines—whether mandatory or advisory—could not be unconstitutionally vague." Maj. Op. at 3–4. That may have been true ten months ago when Matchett was decided, but since that time "[e]very other court of appeals has either held or assumed that Johnson makes the language in § 4B1.2(a)(2) of the Sentencing Guidelines unconstitutional." Clayton, 2016 WL 3878156, at *1 (Martin, J., concurring).

7

Last month, the Supreme Court announced that it will hear a case next term in which it can evaluate whether Matchett is correct. See Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016). Travis Beckles was sentenced using USSG § 4B1.2 in 2007 because of his earlier conviction for possessing a gun. He argued on appeal that this conviction was not for a "crime of violence." Our court ruled that mere possession of a sawed-off shotgun was a "crime of violence" under the language that Johnson addressed (as it happens, Johnson involved this very same crime). See United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009). Then, after our court upheld the denial of his § 2255 motion, see Beckles v. United States, 579 F. App'x 833, 833 (11th Cir. 2014), Mr. Beckles took his case to the Supreme Court. The Supreme Court granted his petition for certiorari, summarily vacated our ruling, and told us to redo the case in light of Johnson. See Beckles v. United States, 135 S. Ct. 2928 (2015). A year after our first decision, our court upheld Mr. Beckles's sentence again, this time by holding that Johnson's vagueness analysis does not apply to invalidate USSG § 4B1.2. See Beckles v. United States, 616 F. App'x 415, 416 (11th Cir. 2015). Again, we are the only Court of Appeals that takes that view. Mr. Beckles had to go back to the Supreme Court. The Supreme Court granted his certiorari petition again and is set to hear the case next term.

It's time for our court to accept that <u>Johnson</u> could apply to USSG § 4B1.2. I recognize that the "grant of certiorari does not constitute new law." <u>Ritter v. Thigpen</u>, 828 F.2d 662, 665–66 (11th Cir. 1987) (per curiam). But our job here is not to conclusively decide Mr. Anderson's case. Instead, the only question before us is whether Mr. Anderson made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." <u>In re Holladay</u>, 331 F.3d 1169, 1173 (11th Cir. 2003) (quotation omitted). It seems to me that if the Supreme Court thinks Mr. Beckles's case is worth hearing, then Mr. Anderson's case also has enough "possible merit to warrant a fuller exploration." <u>Id.</u> I would therefore certify Mr. Anderson's § 2255 motion. That way Mr. Anderson will be assured the benefit of <u>Johnson</u> if the outlier view in <u>Matchett</u> is shown to be wrong.

At the least, I would stay Mr. Anderson's certification motion until the Supreme Court decides Mr. Beckles's case. Earlier this year, after the Supreme Court granted certiorari in <u>Welch v. United States</u>, 578 U.S. __, 136 S. Ct. 1257 (2016) (another case from our circuit that limited <u>Johnson</u>'s reach) "unlike all other circuits, the Eleventh Circuit refused to stay applications for successive § 2255 motions pending <u>Welch</u>." <u>Clayton</u>, 2016 WL 3878156, at *7 (Martin,J., concurring) (quotation omitted). A month before the <u>Welch</u> decision, the full Eleventh Circuit refused to vacate the case that <u>Welch</u> eventually abrogated. See <u>In re Rivero</u>, No. 15-13089 (Mar. 16, 2016). A few days later, the full court also

9

vacated a panel opinion that stayed a Johnson motion "until the Supreme Court decides Welch."  In re Anthony Johnson, 810 F.3d 1247, 1253 (11th Cir. 2016); see In re Anthony Johnson, 815 F.3d 733 (11th Cir. 2016).  If either of those full-court votes went the other way, hundreds of prisoners would have had more time to file their cases.  Instead, inmates had to re-file, and this court had to decide the same cases again, this time in a crush of hundreds of new Johnson cases.  Other courts took steps to avoid this problem.   I would prefer to avoid a repeat of the problem once the Supreme Court decides Beckles.[1]

That said, if Beckles overrules our precedent, Mr. Anderson should know that "denials of successive applications are without prejudice" and so "our decision does not preclude [him] from filing a new successive application."  In re Griffin, __ F.3d __, 2016 WL 3002293, at *5 n.4 (11th Cir. May 25, 2016).  The majority says this language in Griffin was dicta and cites In re Baptiste, __ F.3d __, 2016 WL 3752118 (11th Cir. July 13, 2016).  Issued last week, Baptiste held that this court must deny any motion that "seeks leave to file a second or successive habeas motion based on a claim we rejected in a previous application seeking such leave." Id. at *2.  Baptiste is not consistent with the text of the habeas statute in two ways. First,

---

[1] Other courts are again taking steps to avoid this problem.  See, e.g., Blow v. United States, __ F.3d __, __, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016) ("[B]ecause the Supreme Court will likely decide in Beckles whether Johnson applies retroactively to the Guidelines, the district court is instructed to hold Blow's § 2255 motion in abeyance.").

> Baptiste was construing 28 U.S.C. § 2244(b)(1), which says any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Of course, [] § 2255 motions . . . are filed by federal prisoners [and] § 2255 motions are certainly not brought "under section 2254," which governs petitions filed by state prisoners. But the Baptiste panel ruled that even though § 2244(b)(1) does not mention § 2255 motions, it applies to them anyway, since "it would be odd [] if Congress had intended to allow federal prisoners" to do something state prisoners can't do.

Clayton, 2016 WL 3878156, at *9 (Martin, J., concurring). And even going along with the "it would be odd" rule of statutory construction and thereby assuming that § 2244(b)(1) applies to § 2255 motions, Baptiste is inconsistent with the statute in a second way. The text of the habeas statute shows that it requires courts to dismiss only claims that were already presented in an actual § 2255 motion, as opposed to a mere request for certification of a successive § 2255 motion. Both § 2244 and § 2254 distinguish between "applications" (which are the § 2254 petitions and § 2255 motions filed in district courts) and "motions" (which are the earlier request for certification filed in a court of appeals). Baptiste assumes that "motion" and "application" mean the same thing, even though Congress carefully distinguished the two. When Congress uses different words in this way, courts

11

must presume those words mean different things.  See, e.g., Envtl. Def. v. Duke Energy Corp., 549 U.S. 561, 574, 127 S. Ct. 1423, 1432 (2007).[2]

The majority's treatment of § 2244(b)(1) highlights another problem with Baptiste.  According to the majority, its order "is with prejudice unless and until Beckles or some future Supreme Court decision establishes a new rule of constitutional law."  Maj. Op. at 8.  This is not the way our court has ever treated these certification motions.  For example, before the Welch decision, this court denied over a hundred motions to certify Johnson claims.  See Robinson, 822 F.3d at 1198–1201 (Martin, J., concurring) (listing cases).  Those orders routinely told prisoners they could file again if Welch overruled our precedent.  And then after Welch, dozens of panels of this court decided new certification motions in which those same prisoners raised the same Johnson claims.  Indeed, every active judge on this court granted a motion from a prisoner who had an identical motion denied prior to Welch.[3]  Both prisoners and our court proceeded with the understanding

---

[2] Attributing different meanings to Congress's use of those different words is also the only way to make sense of § 2244.  When a claim is filed in a § 2255 motion, it actually gets briefed by the parties, decided by a lower court, and then appealed.  None of that input, accountability, or deliberation exists with a motion to certify.   I have recounted in some detail the mistakes we, as a court, have made in these cases.  In re Leonard, No. 16-13528, 2016 WL 3885037, at *7–*9 (11th Cir. July 13, 2016) (Martin, J., concurring).

[3] See, e.g., In re Roundtree, No. 16-12554 (11th Cir. June 15, 2016); In re Brown, No. 16-12735 (11th Cir. June 15, 2016); In re Leone, No. 16-12687 (11th Cir. June 15, 2016); In re Woodgett, No. 16-12461 (11th Cir. June 15, 2016); In re McGee, No. 16-12480 (11th Cir. June 15, 2016); In re Witchard, No. 16-12137 (11th Cir. June 14, 2016); In re Rowe, No. 16-12762 (11th Cir. June 13, 2016); In re Nix, No. 16-12465 (11th Cir. June 13, 2016); In re Glover, No. 16-12440 (11th Cir. June 10, 2016); In re Adams, No. 16-12417 (11th Cir. June 9, 2016); In re

12

that "there is no rule against filing multiple applications for leave to file a successive § 2255 petition." In re Barber, No. 16-10107, slip op. at 32 (11th Cir. Feb. 10, 2016) (Marcus, J., dissenting). And we granted those repeat motions even though Welch was surely not, to use the majority's phrasing, a "Supreme Court decision establish[ing] a new rule of constitutional law." Maj. Op. at 8. See Dodd v. United States, 545 U.S. 353, 358, 125 S. Ct. 2478, 2482, (2005) (distinguishing the decision in "which the right asserted was initially recognized" from the decision that made that rule retroactive). Based on the majority's logic, every one of those motions we granted should have been dismissed instead. That can't be right.

Lamb, No. 16-12599 (11th Cir. June 10, 2016); In re Middleton, No. 16-12456 (11th Cir. June 7, 2016); In re Casado, No. 16-12282 (June 6, 2016); In re Sharp, No. 16-12326 (11th Cir. June 3, 2016); In re Cauley, No. 16-12186 (11th Cir. June 1, 2016).

Every one of those granted motions was filed by a prisoner whose identical motion we turned away prior to Welch. See Robinson, 822 F.3d at 1198–1201 (Martin, J., concurring) (listing the motions we denied prior to Welch). Also, those are just a few examples from two weeks in June. There are more like them.

13