[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13814-J

_____

IN RE: LESLIE PARKER,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before WILLIAM PRYOR, ROSENBAUM, and JILL PRYOR, Circuit Judges.

B Y T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Leslie Parker filed a request seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. On July 7, 2016, this Court granted his request. Subsequently, however, one member of the panel learned of a conflict requiring recusal. As a result, we must vacate and decide anew Parker's request to file a successive § 2255 motion in district court.

In the intervening time between the July 7 order and now, we issued *In re Baptiste*, No. 16-13959 (11th Cir. July 13, 2016).  Under *In re Baptiste*, a later request of a prisoner who has previously filed a request for authorization to file a second or successive petition based on the same claim, must be dismissed. Because Parker has already filed a request presenting a claim based on *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), we must dismiss his current request, regardless of its merit, since it raises the same claim as his first request.

**APPLICATION DISMISSED.**

ROSENBAUM, Circuit Judge, with whom JILL PRYOR, Circuit Judge joins, concurring:

I agree that *In re Baptiste*, No. 16-13959, __ F.3d __, 2016 WL 3752118 (11th Cir. July 13, 2016), requires us to dismiss Leslie Parker's request for authorization to file a second or successive habeas petition. I write separately because I continue to believe that *Baptiste*'s interpretation of 28 U.S.C. § 2244(b)(1) to prohibit us from considering a successive request for authorization to file a second or successive habeas petition where a prior request for authorization raising the same claim was denied, is incorrect as a matter of law. *See In re Jones*, No. 16-14053, ___ F.3d ___, 2016 WL 4011143 (11th Cir. July 27, 2016). Section 2244(b)(1) simply contains no such limitation. *See id*. As for § 2244(b)(3)(E), it likewise says nothing about successive requests for authorization. And, where we know that, as a matter of law, we have incorrectly denied a prior request for authorization under the abbreviated 30-day gatekeeping procedure required by AEDPA, we should be able to correct our error and provide the petitioner with a real opportunity to have his case considered on the merits. Anything less flirts with violating the Suspension Clause.

3