ROSENBAUM, Circuit Judge,
with whom JILL PRYOR, Circuit Judge joins, concurring:
I agree that In re Baptiste, No. 16-13959, 828 F.3d 1337, 2016 WL 3752118 (11th Cir. July 13, 2016), requires us to dismiss Leslie Parker’s request for authorization to file a second or successive habe-as petition. I write separately because I continue to believe that Baptiste’s interpretation of 28 U.S.C. § 2244(b)(1) to pro- *1251 Mbit us from considering a successive request for authorization to file a second or successive habeas petition where a prior request for authorization raising the same claim was denied, is incorrect as a matter of law. See In re Jones, No. 16-14053, 830 F.3d 1295, 2016 WL 4011143 (11th Cir. July 27, 2016). 'Section 2244(b)(1) simply contains no such limitation. See id. As for § 2244(b)(3)(E), it likewise says nothing about successive requests for authorization. And, where we know that, as a matter of law, we have incorrectly denied a prior request for authorization under the abbreviated 30-day gatekeeping procedure required by AEDPA, we should be able to correct our error and provide the petitioner with a real opportunity to have his case considered on the merits. Anything less flirts with violating the Suspension Clause.