[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 16-15787
Non-Argument Calendar

————————————————

D.C. Docket Nos. 1:16-cv-22554-KMM,
1:95-cr-00551-KMM-1

DAVID ARIAS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(February 1, 2018)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

David Arias appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  After careful review, we affirm.

## I.    BACKGROUND

In January 1996, a jury found Arias guilty of two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and two counts of using and carrying a firearm during and in relation to a crime of violence—specifically, Hobbs Act robbery—in violation of 18 U.S.C. § 924(c).  The district court sentenced Arias to a total of 408 months' imprisonment.  Arias appealed, and we affirmed.

In September 2000, Arias filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The district court denied that motion with prejudice.

In February 2001, Arias filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 599 to the Sentencing Guidelines.  The district court summarily denied that motion.  On appeal from that denial, the Government conceded that it had misadvised the district court that Amendment 599 did not apply to Arias, when in fact, it did.  In light of that

concession, we could not determine whether the district court had considered the effect of Amendment 599 on Arias's sentencing range when it summarily denied his motion. Accordingly, we vacated the sentences imposed for Arias's § 1951(a) and § 922(g) convictions and remanded the case to the district court.[1]

On remand, the district court recalculated Arias's guideline range and held a hearing, after which it imposed the same sentences that it had previously imposed, based on its assessment of the 18 U.S.C. § 3553(a) factors. The district court did not, however, enter a new judgment. Arias appealed. We affirmed the district court's sentencing decision, but remanded with instructions for the district court to enter a formal judgment re-imposing its original sentences as to Arias's § 1951(a) and § 922(g) convictions. The district court entered an amended judgment on April 11, 2003.

In June 2004, Arias filed another § 2255 motion. The district court dismissed that motion as impermissibly successive under 28 U.S.C. § 2244(b). Arias did not appeal that decision.

In June 2016, Arias filed in this Court two applications for leave to file a second or successive § 2255 motion in the district court. In both, Arias alleged that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), rendered his § 924(c) convictions unconstitutional. We denied the

---

[1] We affirmed the district court's denial of Arias's § 3582(c)(2) motion with respect to the sentences imposed for his § 924(c) convictions.

3

applications on the ground that Arias's proposed *Johnson* claim was foreclosed by our decision in *In re Saint Fleur*, 824 F.3d 1337 (11th Cir. 2016), where we held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s use-of-force clause.

While the above applications were pending before this Court, Arias filed the present § 2255 motion in the district court. The district court dismissed the motion as impermissibly successive. This is Arias's appeal from that dismissal.

## II.    DISCUSSION

The district court dismissed Arias's § 2255 motion as impermissibly successive. Ordinarily, we review a district court's dismissal of a § 2255 motion as impermissibly successive *de novo*. *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). However, Arias does not challenge the district court's conclusion that his § 2255 motion was impermissibly successive.

Because Arias does not argue that the district court erred in its determination that the present § 2255 motion is impermissibly successive,[2] he has abandoned any challenge to the one ground on which the district court dismissed that motion.[3] *See*

---

[2] Indeed, Arias's arguments on appeal assume that the district court correctly determined that the present § 2255 motion was successive, such that Arias was required to obtain this Court's permission to file it.

[3] Instead of challenging the district court's reason for dismissing the present motion, Arias, through counsel, argues that we should have granted his June 2016 applications for permission to file a second or successive § 2255 motion. He contends that (1) *In re Saint Fleur* is not precedential; (2) *In re Saint Fleur* was wrongly decided; and (3) *Johnson* invalidated the

4

*Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–83 (11th Cir. 2014)

(determining that the appellants had abandoned any challenge to the district court's

alternative bases for ruling against them by failing to brief those issues on appeal,

and affirming the district court's judgment without addressing those issues that the

appellants did raise); *see also Hamilton v. Southland Christian Sch., Inc*., 680 F.3d

1316, 1318–19 (11th Cir. 2012) ("A passing reference to an issue in a brief is not

enough, and the failure to make arguments and cite authorities in support of an

issue waives it."); *Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001)

(deeming an issue abandoned where the appellants made a single reference to the

issue in their brief and did not discuss the district court's analysis of that issue).

Therefore, the district court's judgment is due to be affirmed.[4]

---

risk-of-force clause in 18 U.S.C. § 924(c)(3)(B).  The only relief he requests is for us to grant him "leave for his successive application" and to "remand this case for consideration on the merits by the district court."  To the extent that Arias asks us to reconsider our denial of his June 2016 applications, such request is procedurally improper, as it is the district court's dismissal order, and not our previous order denying the June 2016 applications, that is before us in this appeal.  Moreover, § 2244(b) prohibits us from entertaining a motion for reconsideration of an order denying an application for leave to file a second or successive § 2255 motion.  *See* 28 U.S.C. § 2244(b)(3)(E); 11th Cir. R. 22-3(b); *In re Bradford*, 830 F.3d 1273, 1276 (11th Cir. 2016) (noting that we have repeatedly read § 2255(h) to incorporate the § 2244(b)(3)(E) bar on petitions for rehearing).

[4]  To the extent that Arias's brief might plausibly be construed as yet another application for permission to file a second or successive § 2255 motion, we would be required to dismiss such application because Arias previously raised the same *Johnson* claim in his June 2016 applications.  *See In re Bradford*, 830 F.3d at 1277–79; *see also In re Baptiste*, 828 F.3d 1337, 1340 (11th Cir. 2016) (explaining that a prisoner cannot avoid § 2244(b)(3)(E)'s prohibition of petitions for rehearing by filing "what amounts to a motion for reconsideration under the guise of a separate and purportedly 'new' application when the new application is the same as the old one").

## III.    CONCLUSION

For the reasons set forth above, we **AFFIRM** the judgment of the district court.[5]

---

[5] Because Arias abandoned any challenge to the district court's determination that his § 2255 motion was impermissibly successive, this Court need not determine whether the motion was, in fact, impermissibly successive in light of the April 11, 2003, amended judgment.