[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11942
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00334-CG-N


MARK A. BAINE,

Petitioner-Appellant,

versus

BILLY MITCHUM,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 10, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Mark A. Baine, an Alabama prisoner proceeding pro se, contends the district court erred in dismissing Grounds 1 and 3 of his Rule 60(b) motion as an unauthorized second or successive § 2254 petition.[1]  After review,[2] we affirm.

Before a prisoner may file a second or successive habeas petition, he must obtain an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  "Without authorization, the district court lacks jurisdiction to consider a second or successive habeas petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  The Supreme Court has held that Rule 60(b) motions are to be considered impermissible second or successive habeas petitions if the prisoner either raises a new ground for substantive relief or attacks the habeas court's previous resolution of a claim on the merits. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Here, the district court correctly treated Grounds 1 and 3 of Baine's Rule 60(b) motion as a second or successive § 2254 petition.  Both Grounds 1 and 3 contain attempted attacks on issues the district court previously resolved on the merits when considering Baine's initial § 2254 petition.  And "a claim presented in

---

[1] We do not consider Baine's arguments on appeal regarding the denial of Grounds 2 and 4 of his Rule 60(b) motion because a single judge of this Court previously denied Baine a certificate of appealability on those grounds.  28 U.S.C. § 2253(c).

[2] We review de novo whether a petition for a writ of habeas corpus is successive. *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc).

2

a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." *In re Baptiste*, 828 F.3d 1337, 1339 (11th Cir. 2016) (alteration and quotation omitted). Thus, the district court did not err in dismissing Grounds 1 and 3.

Baine asserts the district court should have treated his arguments as motions for relief from the denial of his habeas petition pursuant to Rule 60's fraud exception, rather than as a second or successive § 2254 petition. However, to the extent his arguments are viewed as having been properly brought under Rule 60(b)(3), his motion was subject to a mandatory one-year time limitation. Fed. R. Civ. P. 60(c)(1). That limitation was not tolled by Baine's appeal, so Grounds 1 and 3 would be untimely. *Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elect. Workers, Local No. 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972).[3] And to the extent his arguments are viewed under Rule 60(d), the record does not reflect that the State of Alabama committed a fraud on the court by advancing inconsistent arguments in the state post-conviction proceedings and in response to his petition for a writ of habeas corpus. *See United States v. Beggerly*, 524 U.S. 38, 46 (1998) (explaining if Rule 60 is to be "interpreted as a coherent whole," Rule 60(d) must be "reserved for those cases of injustices which, in certain instances, are deemed

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

3

sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata" (quotations omitted)); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) ("Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." (quotations omitted)).

**AFFIRMED.**