[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10337

Non-Argument Calendar

_____

JOSEPH R. DICKEY,

Petitioner-Appellant,

*versus*

FCI MARIANNA WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:22-cv-00084-TKW-ZCB

_____

Before WILSON, JORDAN, and BLACK, Circuit Judges.

PER CURIAM:

Joseph Reuben Dickey appeals following the district court's dismissal of his *pro se* petition[1] for habeas relief, filed pursuant to 28 U.S.C. § 2241, and the denial of his post-judgment motion for reconsideration. FCI Marianna Warden (the Government), in turn, moves for summary affirmance and to stay briefing. After review, we grant the Government's motion for summary affirmance.

Under 28 U.S.C. § 2241, a prisoner may receive habeas relief if he is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal prisoner may attack his convictions and sentences through § 2241 under the "savings" clause of 28 U.S.C. § 2255 if a remedy under § 2255 is inadequate or ineffective. 28 U.S.C. § 2255(e). However, procedural bars, such as the restriction on successive § 2255 motions,[2] do not make § 2255 inadequate or ineffective. *See Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999), *overruled on other grounds by*

---

[1] We liberally construe *pro se* pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021).

[2] Ordinarily, a federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. *See* 28 U.S.C. § 2255(h), *cross-referencing* 28 U.S.C. § 2244. A claim presented in a second or successive post-conviction proceeding that was presented in a prior application, however, "shall be dismissed." 28 U.S.C. § 2244(b)(1).

*McCarthan v. Dir. Of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1100 (11th Cir. 2017) (*en banc*).

Summary affirmance is warranted. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) [3] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). First, Dickey's requested relief—that § 2244(b)(1) be declared as unconstitutional "as applied" to him—falls outside the scope of a § 2241 petition. The purpose of § 2241 is to allow a prisoner to challenge the execution of his sentence, and as the district court acknowledged, even if it granted Dickey the declaratory relief that he sought, his total sentence would remain unchanged. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1, 1352 (11th Cir. 2008) (stating § 2241 provides a limited basis for habeas actions for federal prisoners in that it allows prisoners to attack the execution of a sentence rather than the sentence or conviction themselves).

Moreover, Dickey provided no explanation as to why he was eligible for § 2241 relief under § 2255's "savings" clause. Dickey failed to argue or show that a remedy under § 2255 was inadequate or ineffective. 28 U.S.C. § 2255(e). The primary justification that Dickey asserted for bringing a § 2241 petition, as opposed to a

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

§ 2255 motion, was based on § 2244(b)(1)'s bar on previously brought claims in successive applications. Specifically, in his petition, he asserted he was "without any realistic access to habeas corpus based on new evidence," and he had "new evidence of innocence and constitutional violations which can never be addressed because of the erroneous unconstitutional application of [§] 2244(b)(1)." This Court, however, has held that § 2244(b)(1)'s bar on successive applications does not make pursuit of relief under § 2255 inadequate or ineffective. *Wofford*, 177 F.3d at 1245. Dickey, therefore, also failed to demonstrate he was eligible for § 2241 relief under § 2255's "savings" clause. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) (stating a petitioner bears the burden of demonstrating eligibility under the "savings" clause of § 2255).

Even if Dickey's claim fell within the scope of § 2241, binding precedent foreclosed both of his underlying arguments. Although he contended that § 2244(b)(1)'s bar did not apply to § 2255, this Court is bound to its prior panel decision where we held that the bar does apply to § 2255 motions. *See In re Bradford*, 830 F.3d 1273, 1277-78 (11th Cir. 2016) (clarifying that § 2244(b)(1)'s requirement is jurisdictional and holding § 2244(b)(1) applies to § 2255 motions); *In re Baptiste*, 828 F.3d 1337, 1339-40 (11th Cir. 2016) (holding § 2244(b)(1)'s mandate applies to applications for leave to file a second or successive § 2255 motion); *United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (stating under our prior panel precedent rule, a prior panel's holding is binding unless it has been overruled or abrogated by the Supreme Court or by this Court sitting *en banc*).

23-10337               Opinion of the Court                    5

Similarly, the Supreme Court has held that § 2244(b)(1) does not violate the Suspension Clause.[4] *See Felker v. Turpin*, 518 U.S. 651, 664 (1996) (holding § 2244(b)(1)'s "restrictions . . . do not amount to a 'suspension' of the writ contrary to [the Suspension Clause]"). Despite Dickey's classification of his claim as an "as applied" challenge, such a classification does not change *Felker*'s application to his case when *Felker*'s rule is equally applicable across all habeas cases. *See id.* Therefore, his underlying arguments are foreclosed by binding precedent.[5]

Accordingly, because the Government's position is clearly correct as a matter of law, we GRANT the Government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**

---

[4] The Constitution's Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

[5] Although Dickey also appealed the district court's denial of his motion for reconsideration, he does not address the motion on appeal, and any related argument is accordingly abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). He also mentions that § 2244(b)(1) violates the separation of powers, but he failed to preserve such an argument for appellate review by not raising it before the district court. *See United States v. Edwards*, 728 F.3d 1286, 1295 (11th Cir. 2013).